UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Michael Paulsen,

Defendant.

**Protective Order**

**19 Cr. 660 (PAC)**

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," may contain personal identification information of specific individuals who are not parties to this action, and other confidential

information; as well as information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons, and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

### Accordingly it is hereby Ordered:

5. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

6. The defendant and defense counsel are precluded from disseminating any of the disclosure material, including any copies thereof or excerpts therefrom, or any information contained therein, to anyone other than: (a) the defendant; (b) defense counsel; (c) any paralegal, investigator, or legal assistant employed or contracted by defense counsel ("Defense Staff"); (d)

2

any expert, advisor, or any other individual retained or employed by the defendant and defense counsel for the purpose of assisting in the defense of this case ("Defense Experts/Advisors"); or (e) such other persons as hereafter may be authorized by Order of the Court ("Other Authorized Persons"). To the extent the disclosure material is disclosed to Defense Staff, Defense Experts/Advisors, or Other Authorized Persons, defense counsel shall instruct such individual(s) of the terms of this Order and that such individual(s) are bound by this Order. Defense counsel and Defense Staff may show, but not disseminate to or provide any copies of, the Discovery to potential witnesses ("Potential Witnesses") during the course of and for the purpose of investigation, after defense counsel and/or Defense Staff instructs such individual(s) of the terms of this Order and that such individual(s) are bound by this Order.

7. Notwithstanding the foregoing, Sensitive Disclosure Material shall be maintained in a safe and secure manner solely by defense counsel. Sensitive Disclosure Material, including any copies thereof or excerpts therefrom, or any information contained therein, may only be disclosed by defense counsel to the defendant for review in the presence of defense counsel for purposes related to this case. The defendant shall not maintain, retain, or keep copies of any records containing Sensitive Disclosure Material outside of the presence of defense counsel. The defendant shall not make or retain any notes that include any Sensitive Disclosure Material outside the presence of defense counsel.

8. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

9. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

### Return or Destruction of Material

10. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, of this litigation, including appeal. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

[INTENTIONALLY LEFT BLANK]

### Retention of Jurisdiction

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _____  Date: 09/30/2020
Elinor L. Tarlow / Daniel Wolf
Assistant United States Attorneys

_____  Date: 9/29/20
Joseph Sorrentino
Counsel for Michael Paulsen

SO ORDERED:

Dated: New York, New York
       October 1, 2020

_____
THE HONORABLE PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

5