The Law Office of Joseph V. Sorrentino<br>
404 Manor Road<br>
Staten Island, New York 10314<br>
Tel. 718-720-4943<br>
Fax 718-720-5009

July 5, 2022

Hon. Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:   United States v. Michael Paulsen
             Cr. Docket No. 19-660 (PAC)

Dear Judge Paulsen:

    I represent Mr. Paulsen in the above-referenced matter on the government's motion to reduce sentence pursuant to Rule 35(b)(1) of the Federal Rules of Criminal Procedure.

    "In deciding a Rule 35(b) motion, a district court makes two inquiries." United States v. Katsman, 905 F.3d 672, 674 (2d Cir. 2018). First, it must determine if the defendant in fact provided substantial assistance. United States v. John Doe, 938 F.3d 15, 17 (2d Cir. 2019). Here, the parties agree that in meeting with the government and testifying at the trial of Laurence F. Doud, III, the former CEO of Rochester Drug Cooperative, Inc. (RDC), Mr. Paulsen has provided such post-sentencing assistance. Second, the court must determine whether to reduce the sentence in light of the assistance and, if so, to what extent. Id. In this regard, the court may consider the statutory sentencing factors and whether "[a] defendant's circumstances [have] [change[d] post-sentencing in such a way as to have a bearing on the appropriateness of his sentence." Id. (omitting citations). In addition, the court should consider the USSG §5K1.1 factors of: the nature, extent, usefulness and timeliness of the defendant's assistance, the truthfulness, completeness, and reliability of his information, and the impact of the assistance on the defendant and his family. Id.; see also United States v. Gangi, 45 F.3d 28, 31 (2d Cir. 1995). The government thoroughly addressed these factors in its May 2, 2022 Rule 35(b)(1) motion.

    We last appeared on this matter in May 2022, at which time the Court asked for more information regarding the second prong of the analysis, specifically, how significant the reduction should be. The

Hon. Paul A. Crotty
United States District Judge
July 5, 2022
Page 2

government is likely in a better position to provide the Court with a catalogue of Rule 35 reductions, most of which are not the subject of opinions on Westlaw or some other legal search platform, especially in the context of oxycodone distribution cases. Nonetheless, I conducted a Westlaw search and found the following oxycodone/Rule 35 cases, which may assist the Court: United States v. McMillion, 528 F.Supp.2d 620 (S.D.W.Va. 2007) (60 month term of imprisonment reduced to 30 months based on her assistance and that of her daughter's); United States v. Thelomat, 186 F.Supp.3d 1293 (M.D. Alab. 2016) (57 month term reduced to 30 months). This sampling, albeit small, suggests that the original term of imprisonment should be reduced by half.

Mr. Paulsen, however, seeks a greater reduction. He does so for several reasons. First, Mr. Paulsen has always been committed to helping the government and its investigations. Unlike McMillion and Thelomat, who came around to cooperation only after receiving a significant sentence, Mr. Paulsen made very early efforts to cooperate. Indeed, shortly after his arrest in 2019 he approached the government and met in proffer sessions where he owned up to his criminality and truthfully, and without omissions, provided information about at least one other distributor (the government just did not believe at that time that he had enough information to provide substantial assistance). His post-sentencing meetings and testimony just furthered and cemented those early efforts, which now date back nearly three years. Second, unlike McMillion and Thelomat, Mr. Paulsen did not just provide information, he testified, and he did so in an especially careful manner. Third, again unlike McMillion and Thelomat, Mr. Paulson has served his term of imprisonment to date (roughly six months) during the Covid pandemic and while at the MDC, during gang warfare and resulting lockdowns. In combination, the quality of his prison term thus far has been more harsh than that of McMillion and Thelomat, which the Court may and should consider.

As to the factors listed in 18 U.S.C. §3553(a), Mr. Paulsen stands by his sentencing memorandum dated August 30, 2021. By way of update, Mr. Paulsen has been a model inmate at the MDC and FCI Fort Dix. He has no disciplinary infractions and no loss of time or privileges. He is also employed at FCI Fort Dix and has taken various classes and coursework. His relationship with Ms. Cahill continues and although her daughter is having separation anxieties and misses Mr. Paulsen tremendously, the two visit him with some regularity.

Hon. Paul A. Crotty
United States District Judge
July 5, 2022
Page 3

    Based on the foregoing, Mr. Paulsen seeks a reduced sentence of 24 months, which is half of the Probation Office's original sentencing recommendation of 48 months.

                                      Respectfully submitted,

                                      Joseph V. Sorrentino